John Randolph Bakewell, Ronald Charles Clements, Jefferson City, for respondent.

**BOMBERS ATHLETIC ASSOCIATION, Petitioner-Appellant,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

**No. 49969.**

Missouri Court of Appeals,
Eastern District,
Division Seven.

Dec. 31, 1985.

KAROHL, Presiding Judge.

Petitioner-appellant, Bombers Athletic Association, appeals a decision of the Administrative Hearing Commission (Commission) in favor of respondent, Director of Revenue and adverse to petitioner. We dismiss for lack of jurisdiction.

Petitioner was licensed to conduct bingo in January 1983, pursuant to Chapter 313 RSMo Cum.Supp.1982. On July 29, 1983, respondent denied petitioner's application for a 1983–1984 bingo license because respondent claimed petitioner had violated the terms of the license. § 313.040(11) RSMo Cum.Supp.1982. Petitioner *appealed* to the Commission pursuant to § 621.050 RSMo Cum.Supp.1984 (formerly § 161.273 RSMo 1978). On January 10, 1984, the Commission found petitioner had violated the statute during part of the license period. It affirmed the denial of the license by

respondent. Direct appeal to this court is allowed by § 621.189 RSMo Cum.Supp.1984 only if the petition for review is filed within thirty days of the Commission's decision. The petition here was filed on April 17, 1985 well beyond the thirty day period.

Petitioner claims that § 621.145 RSMo Cum.Supp.1984 is applicable here. That section provides "that in cases where a disciplinary order may be entered by the agency, no decision of the administrative hearing commission shall be deemed final until such order is entered." Here, the Commission's decision was entered on January 10, 1984. On March 25, 1985, respondent served official notice on petitioner to cease doing business. Petitioner argues the decision of the Commission became final on March 25, not January 10.

Petitioner's reliance on § 621.145 is misplaced. That section applies to the proceedings filed under § 621.110 RSMo Cum. Supp.1984 where there has been a complaint against the licensee which could result in suspension or revocation. Under § 621.110 the function of the Commission is to adjudge the facts and make *recommendations* of appropriate disciplinary action. These recommendations, however, are not binding on the agency. Therefore, the order or judgment (determination) of the Commission is not final until *the agency* affirmatively accepts or rejects the recommendation.

This case was filed pursuant to § 621.050 RSMo Cum.Supp.1984 which applies where, as in the present case, the petitioner *appeals* to the Commission to review any finding, order or decision of the director of revenue. Section 621.050 states in part: "Any person or entity who is a party to such dispute shall be entitled to a hearing before the administrative hearing commission.... Decisions of the administrative hearing commission under this section shall be binding subject to appeal by either party." Section 621.189 RSMo Cum.Supp.1984 provides: "The provisions of section 621.-050 shall be subject to review pursuant to a petition for review to be filed in the court of appeals, ... within 30 days." This case

followed the path of § 621.050 RSMo Cum. Supp.1984, not § 621.145. This proceeding was to review an order or decision of the Director denying renewal of a license not to discipline petitioner. Nothing remained for decision of the Director after the Commission order. Accordingly, petitioner failed to timely file his petition for review. We dismiss for lack of jurisdiction.

CRANDALL, J., and HAROLD L. LOWENSTEIN, Special Judge, concur.